Ruffin, C. J.
 

 The Court is of opinion that the action will not lie. The Statute, 4 Hen. 7, ch. 20, gives to one, suing an action popular in good faith, the replication, .that a prior recovery pleaded was had by covin, and enacts, that, if the covin be found, the plaintiff with good faith shall have recovery and execution. That is among several beneficial ancient English Statutes, which were inadvertently not re-enacted in the revision of 1836, although they were suitable to our condition and had been in force and use here. The principle of the Statute, however, is so manifestly just in itself and so necessary to suppress fraud upon the law, as well as that on individuals, that, probably, it is proper to regard this Statute, like that of 13th of Elizabeth in favor of creditors, as but declaratory of the common law; for it would manifestly render useless all penal statutes, if covinous recoveries by friends, not enforced nor intended to be enforced, were allowed to protect the offender from an action brought in good faith. If that be correct, the plaintiff cannot have this action ; because it supposes the injury to the plaintiff to consist of his being barred of actions for the penalties, when, upon the declaration, it appears he was not barred. But that point need not now be determined, for,
 
 *96
 
 admitting the recoveries to be a bar, as supposed, yet the plaintiff has sustained no extraordinary or peculiar damage, but such only as is common to any one else. In such a case, the redress, if there be any, must be to the public, for the common wrong, and not to individuals. Co-vinous recoveries partake in some degree of the nature of compounding actions on penal statutes, which Mr. Blackstone classes among the misdemeanors against public justice, as contributing to make
 
 the laws
 
 odious
 
 to
 
 the people. 4
 
 Com.
 
 136. Hence the statute 18th Elizabeth, C. 5, which, by the way, is also not found in our statute book, inflicted the severe punishment of the pillory, besides a fine, for that offence. As the act of the defendant is of that nature, and every one can say, with equal truth, that he is, by means of the defendant,
 
 barred of
 
 recoveries for the penalties in question, the law cannot allow an action to any person or persons in particular, since, for the same reason, the defendant would be held liable for the same sum in innumerable suits, which would be most unreasonable and intolerable.
 
 William's case,
 
 5 Rep. 73
 

 Per Curiam
 

 Judgment affirmed.